In the Matter of Donald GLESS, Debtor.

Donald GLESS, Plaintiff,

v.

USA/IRS, Defendant.

Bankruptcy No. BK92–82102.
No. A93–8036.

United States Bankruptcy Court,
D. Nebraska.

Oct. 26, 1993.

Albert Burnes of Burnes Law Office, Omaha, NE, for debtor.

Robert Metcalfe, Washington, DC, for USA/IRS.

## MEMORANDUM

TIMOTHY J. MAHONEY, Chief Judge.

Hearing was held on September 3, 1993, on Motion for Summary Judgment filed by the USA/IRS. Appearing on behalf of the debtor was Albert Burnes of Burnes Law Office, Omaha, Nebraska. Appearing on behalf of USA was Robert Metcalfe of Washington, D.C. This memorandum contains findings of fact and conclusions of law required by Fed.Bankr.R. 7052 and Fed. R.Civ.P. 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(B).

### Background

The debtor, Donald C. Gless, filed this adversary proceeding to determine the dischargeability of federal income tax liabilities incurred in 1981, 1982, and 1988. The Internal Revenue Service of the United States (IRS) moved for summary judgment on the issue of dischargeability of the 1981 and 1982 tax debts, based on the debtor's failure to

make or file federal income tax returns with the IRS for those tax years. The IRS alleges that no issue of material fact exists and that it is entitled to judgment as a matter of law.

It is agreed between the parties that the debtor did not file federal income tax returns (Form 1040) on a timely basis for the years 1981 and 1982. The IRS argues that after the debtor failed to file income tax returns for those years, the IRS prepared a "Substitute for Return" in order to commence an examination of his tax liabilities and to make assessments based upon the outcome of the examination. A "Substitute for Return" (SFR) consists of the first page of a U.S. Individual Income Tax Return (Form 1040). The information contained in a SFR consists of the taxpayer's name, address, taxpayer identification number and the filing status of the taxpayer.

The debtor agrees that the IRS prepared tax returns on behalf of the debtor for the years 1981 and 1982, but the debtor believes that the return executed by the IRS was a legitimate tax return for the purposes of determining dischargeability under the Bankruptcy Code. Neither the debtor nor the IRS possesses a copy of the document that was filed on the debtor's behalf.

### Discussion

■ A Motion for Summary Judgment is controlled by Fed.Bankr.R. 7056(c) which provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, *show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.* (emphasis added)

Fed.Bankr.R. 7056(c).

The burden is on the moving party to show that no genuine dispute exists on a material fact, *City of Mt. Pleasant, Iowa v. Association Electric Corp.,* 838 F.2d 268, 273 (8th Cir.1988), and once this initial burden is met, the non-moving party must show that there is genuine dispute over a material fact. *Cel-*

*otex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). When evaluating the motion, inferences drawn from the underlying facts are to be decided in the light most favorable to the non-moving party. *United States v. Diebold,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1976).

#### a. *The Bankruptcy Code*

The position of the IRS is that the "Substitute for Return" (SFR) does not constitute a return for the purposes of 11 U.S.C. § 523(a)(1)(B)(i). Section 523(a)(1)(B)(i) prohibits the discharge of an individual debtor's tax debt "with respect to which a return, if required—was not filed."

Whether a document filed on the debtor's behalf by the IRS could be designated as a "return" under § 523 and thereby cause the tax to be dischargeable is not made clear by the statute. The plain language of the statute does not require that the return specifically be filed by the debtor. *See* 11 U.S.C. § 523(a)(1)(B)(i). The corresponding provision in the prior Bankruptcy Act, § 17(a), specifically prohibited a discharge where "the bankrupt failed to make a return." The difference between the prior Act and new Code permits one to argue that if Congress had intended to limit "return" to only returns filed specifically by debtors that Congress could have done so by leaving the language of the prior Act.

On the other hand, there is support in the legislative reports that address § 523(a)(1)(B)(i) for the proposition that Congress did intend to limit "return" to returns filed solely by the debtor and to exclude returns filed by the IRS. The Senate Report states: "Also included in the non-dischargeable debts are taxes for which the debtor had not filed a required return as of the petition date, or for which a return had been filed beyond its last permitted due date." S.Rep. No. 989, 95th Cong., 2nd Sess. 78 (1978), U.S.Code Cong. & Admin.News, 1978, pp. 5787, 5864.

Several bankruptcy courts have stopped at this point when discussing the problem and have concluded without further analysis that "return" under § 523(a)(1)(B)(i) refers only to returns actually filed by the debtor. *Hay-*

*wood v. Illinois (In re Haywood)*, 62 B.R. 482 (Bankr.N.D.Ill.1986); *Accord, Hoffman v. United States (In re Hoffman)*, 76 B.R. 853 (Bankr.S.D.Fla.1987); *Chapin v. United States (In re Chapin)*, 148 B.R. 304 (C.D.Ill. 1992). Other courts have decided to limit § 523(a)(1)(B)(i) to returns filed by the debtor, but expand the definition of "returns filed by the debtor" to include some returns filed by the IRS on behalf of debtors if the document prepared by the IRS is signed by the debtor. *Bergstrom v. United States*, 949 F.2d 341 (10th Cir.1991).

### b. *The Internal Revenue Code*

The Internal Revenue Code (IRC) provides that when required by the regulations prescribed by the Secretary of the Treasury every person made liable for a tax shall make a tax return on a form prescribed by the Secretary. 26 U.S.C. § 6011(a). The IRC extends the definition of a "return" to returns prepared for or executed by the Secretary under 26 U.S.C. § 6020, which provides:

(a) Preparation of Return by Secretary.— If any person shall fail to make a return required by this title or by regulations prescribed thereunder, but shall consent to disclose all information necessary for the preparation thereof, then and in that case, the Secretary may prepare such return, which, being signed by such person, may be received by the Secretary as the return of such person.

(b) Execution of return by Secretary.—(1) Authority of Secretary to execute return.—If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise. (2) Status of Returns.—Any return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes.

26 U.S.C. § 6020. Returns prepared for or executed by Internal Revenue Service officers or employees are applicable to § 6020 through 26 C.F.R. § 301.6020–1(a)(1) and (b)(2).

The IRS treats some documents filed by the IRS as "returns" under § 6020(a). Rev. Rul. 74–203, 1974–1 C.B. 330, states that "An executed Form 870, Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment, Form 1902E, Report of Individual Income Tax Audit Changes, or Form 4549, Income Tax Audit Changes, is a return as described in section 6020(a) of the Code ..." (holding that a signed Form 870 with accompanying schedules is a return under § 6020(a)). The IRS has extended the applicability of Ruling 74–203 beyond the scope of the Forms listed in the ruling. *See* Priv.Ltr.Rul. 82–08–005 (available on WESTLAW FTX–ALL database), 1981 PRL LEXIS 899 (Oct. 23, 1981) (finding that by signing Form 2504 prepared by the IRS, the taxpayer filed an original return). The IRS has also taken the position that returns prepared under § 6020(a) and signed by the taxpayer are legal returns as if the return was prepared by the taxpayer because the taxpayer's signature represents an acknowledgement that the tax is due. Gen.Couns.Mem. 38,627, 15 (available on WESTLAW FTX–GCM database), 1981 IRS GCM LEXIS 107, (Feb. 9, 1981) (submitted in General Counsel Memorandum that held that returns prepared by the IRS and signed by the taxpayer were legal returns for the purposes of assessing penalties against the taxpayer for delinquent taxes.)

The distinction between § 6020(a) and (b) under the Bankruptcy Code is that under subparagraph (a), a document that is prepared by the Secretary must be signed by the debtor to be accepted as the filed return of the debtor, whereas under subparagraph (b), a return that is prepared without the debtor's acknowledgement is legally sufficient to assess taxes, but it is not deemed to be filed by the debtor. *Bergstrom*, 949 F.2d at 343.

### c. *Findings of Fact and Conclusions*

The IRS submitted affidavit testimony of a revenue agent for the IRS, who was not involved in this case at the time the alleged SFR was prepared. In addition to the affidavit, the IRS also submitted a copy of the

Certified Certificate of Assessments and Payments for the debtor. This is the only document retained by the IRS with regard to the tax determination. The IRS does not have a copy of the original SFR. The IRS contends that the type of SFR prepared on behalf of the debtor must have been the front page of a Form 1040, which included the debtor's name, address, taxpayer identification number, and filing status of the taxpayer. The IRS states that from this information, the IRS would have initiated its own examination of the debtor's tax obligations. From the IRS's evidence, this Court concludes that the position of the IRS is that the SFR was an unsigned document in the form of a tax return that was prepared without the cooperation of the debtor. If the IRS is correct, the document should be considered a § 6020(b) return, and the tax should be non-dischargeable under the Bankruptcy Code.

The debtor presented a different set of facts regarding the preparation of his 1981 and 1982 tax returns. In the debtor's affidavit, he states that his wife delivered a letter to him from the IRS in the Fall of 1983 while he was in prison. The letter concerned the fact that he had not filed Income Tax Returns for the years 1981 and 1982. The debtor contacted the IRS regarding the letter and informed the IRS that he could not access the information necessary to prepare a tax return on his own. The debtor met with a revenue agent while in prison and requested that the IRS assist him in preparing his tax returns.

At the first meeting, the debtor provided the IRS with information regarding how the IRS could ascertain the debtors tax liability. Approximately one month later, the debtor met with the same revenue agent to review and discuss the information and records that the IRS had discovered. At a third meeting with the IRS, while the debtor was still in prison, an IRS revenue agent presented the debtor with what the debtor believed to be two completed Federal Tax Returns for the years 1981 and 1982. At this meeting, the debtor and the revenue agent discussed the content of the tax returns and the debtor signed the two tax returns and gave them to the Revenue Agent. Then the IRS began to write the debtor to demand payment in full of his taxes.

When considering a motion for summary judgment, the facts of the case must be considered in the light most favorable to the non-movant. In this case, the debtor has presented affidavit testimony that the debtor cooperated with the IRS in the preparation of the tax returns and signed the completed federal tax returns for the years 1981 and 1982. The debtor, by testimony concerning the actual discussions with the IRS agent and the testimony concerning affixing his signature to documents he believed were tax returns, has raised a genuine issue of material fact. The motion for summary judgment is denied.

 Exceptions to discharge pursuant to § 523(a) of the Bankruptcy Code are narrowly construed against the creditor and liberally in favor of the debtor, and the burden of proof is on the creditor claiming an exception to discharge. *Murphy & Robinson Investment Co. v. Cross,* 666 F.2d 873 (5th Cir.1982); *D'Avanza v. United States (In re D'Avanza),* 101 B.R. 787 (Bankr.M.D.Fla. 1989). As a matter of law, this Court finds that a return filed pursuant to § 6020(a) of the Internal Revenue Code, which is prepared with the cooperation of the debtor and signed by the debtor, is deemed to be a return under § 523(a)(1)(B)(i) of the Bankruptcy Code. The issues at trial will include whether the debtor cooperated with the IRS and whether he signed a document from which his taxes were determined. If the Court finds that he did sign such a document, the tax obligation for 1981 and 1982 will be determined to be dischargeable because the language of 26 U.S.C. § 6020(a) and 11 U.S.C. § 523(a)(1)(B)(i) will be satisfied. *Accord Bergstrom v. United States (In re Bergstrom),* 949 F.2d 341 (10th Cir.1991) (holding that substitute returns do not constitute filed returns under § 523(a) in the absence of the signature of the taxpayer); *Carpella v. United States (In re Carpella),* 84 B.R. 779 (Bankr.M.D.Fla.1988) (holding that a signed Form 870 without accompanying schedules was a return filed by the debtor for § 523(a) purposes); *Arenson v. United States (In re Arenson),* 145 B.R. 310 (D.Neb.1992) (noting

in dictum that certain documents, Form 870, are accepted as "returns" under § 523(a)(1)(B)(i), while holding that an amended Form 1040X, which was filed after the IRS prepared SFRs and assessed taxes against the debtor, was not a return under § 523(a)(1)(B)(i)).

Clerk shall direct the parties to file a preliminary pretrial statement.

Separate journal entry to be entered.