**In the Matter of John A. BERARD and Margaret Berard, Debtors.**

**John A. BERARD and Margaret Berard, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Bankruptcy No. 93–6893–8B7.
Adv. No. 93–530.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

May 10, 1995.

**654**

Buddy D. Ford, Mitchell I. Horowitz, Tampa, FL, for plaintiffs.

Mary Apostolakos Hervey, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THIS MATTER came on for consideration upon the Motions for Summary Judgment filed by the Debtor and the United States of America in the above captioned case. This Court has considered all arguments and evidence consistent with a ruling on a motion for summary judgment. *See Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Having considered the motions, together with the record, this Court finds the facts as follows:

Debtor filed for bankruptcy protection under Chapter 7 of Title 11, United States Code (Bankruptcy Code). This Adversary Proceeding was filed by Debtors to determine dischargeability of a debt owed the United States of America for income taxes.

Debtors were subjects of an Internal Revenue Service audit with respect to their 1982 through 1986 tax years. In 1987, when Debtors were audited, they had not filed their income tax returns for the subject periods.[1]

In the instant matter, the issue herein relates to the execution of a Form 4549, Income Tax Examination Changes, by the Internal Revenue Service. The Internal Revenue Service agent signed Form 4549 on September 14, 1988, and the Debtors cooperated and signed the document on September 16, 1988. Thereafter, in December 1988, the Internal Revenue Service District Director, Jacksonville, Florida, confirmed receipt of the Form 4549, and acknowledged acceptance of the audit results for all the years subject to the audit.

The evidence supports a finding Debtors were cooperative during the audit and disclosed all necessary information to prepare income tax returns. The Debtors signed documents purporting to fix Debtors' tax liabilities for the years at issue, and the District Director accepted the Form 4549 which embodied those liabilities.

The Internal Revenue Service maintains tax returns for 1982, 1983, and 1984, income taxes have not been filed, notwithstanding the executed Form 4549, and therefore, Debtors should not be discharged of tax liabilities under Bankruptcy Code § 523(a)(1).[2] Debtors contend the preparation of Form 4549, and the Internal Revenue Service's

---

1. There is evidence to suggest Debtors subsequently prepared Form 1040 tax returns for 1982, 1983, and 1984, upon request of the Internal Revenue Service auditor. The evidence also suggests these prepared returns were hand delivered to the Internal Revenue Service auditor in September, 1988. However, the evidence does not support a finding the returns were actually processed, and there are factual questions remaining as to the Internal Revenue Service auditor's representation she would ensure proper processing

Regardless, the law is clear that it is not the auditor's responsibility to properly file a return for a taxpayer. *Espinoza v. Comm'r,* 78 T.C. 412, 419, 1982 WL 11163 (1982); *Hill v. Comm'r,* 64 F.2d 506, 508 (6th Cir.1933). It is ultimately the taxpayer's responsibility to ensure proper delivery to the Internal Revenue Service. *See* I.R.C. § 6091; *In re O'Neill,* 134 B.R. 48, 49 (Bankr. M.D.Fla.1991) (Return sent to wrong service center was not filed on date received by improper service center); *Winnet v. Comm'r,* 96 T.C. 802, 1991 WL 100777 (1991). Note, however, what the Court decides herein, does not fall, into these line of cases which merely deal with the delivery, or non-delivery, of a return to an agent of the Internal Revenue Service.

2. The Internal Revenue Service has conceded there is no dispute as to the dischargeability of taxes for the tax years encompassing 1985, or 1986. The United States admits it has prepared substitute returns for the years 1982, 1983, and 1984 to comply with the informational requirements of Internal Revenue Service audit procedure, but these "dummy" returns are not signed by Debtors. *United States v. D'Avanza,* 132 B.R. 462, 464 (M.D.Fla.1991); *Chastang v. United States,* 116 B.R. 833 (Bankr.M.D.Fla.1990). These "dummy" returns would not meet the requirements of Bankruptcy Code 523(a)(1)(B) for a debtor filing a return.

subsequent acceptance, satisfies the requirement to file tax returns for the periods.

■ Bankruptcy Code section 523(a)(1)(B),[3] governs dischargeable debts for taxes where no tax returns have been filed. The Bankruptcy Code does not define "return," nor does it describe what is meant by "filed." Therefore, it is incumbent upon this Court to determine if a document prepared by the Internal Revenue Service and later accepted as audit changes to Debtors' tax years at issue, is sufficient to be considered a "filed return" under the Bankruptcy Code.

Both parties suggest the importance of Internal Revenue Code (I.R.C.) § 6020, Returns prepared for or executed by Secretary. Under I.R.C. § 6020, the Internal Revenue Service is vested with the authority to create tax returns. There are two situations governed by I.R.C. § 6020: prepared returns for; or executed by, the Secretary of the Treasury. If a taxpayer fails to make a return, but consents to disclose all necessary information for the preparation of a return, and such return is signed by the taxpayer, the "prepared" return may be received by the Secretary of the Internal Revenue Service as the return of such taxpayer. I.R.C. § 6020(a); Treas.Reg. § 301.6020–1(a)(1).

Conversely, under I.R.C. § 6020(b), if a taxpayer fails to file a timely return, does not cooperate or files a false or fraudulent return, an Internal Revenue Service officer or employee may "execute" a return "from his own knowledge and from such information as he can obtain through testimony otherwise." Treas.Reg. § 301.6020–1(b)(1). Returns created under these premises are "prima facie good and sufficient for all legal purposes," but it does not start the running of the statute of limitations on assessment and collection.[4]

It does not appear important which subsection I.R.C. § 6020 applies, if any, in the instant matter. If the Form 4549 is an I.R.C. § 6020(a) "return prepared" by the Secretary, it is received as such. If it is an I.R.C. § 6020(b) "executed return," it is "prima facie good and sufficient for all legal purposes." The issue of what is a "filed return" is not answered under I.R.C. § 6020, and has little to offer this Court's analysis under Bankruptcy Code § 523(a)(1).

■ In order to be filed, a return must be final, and it must provide the Internal Revenue Service with all necessary information to compute taxes due. *Germantown Trust Co. v. Comm'r*, 309 U.S. 304, 60 S.Ct. 566, 84 L.Ed. 770 (1940). If a document is executed pursuant to an agreement in which the taxpayer and the Internal Revenue Service are empowered to create; disclosing the data from which the tax can be computed; intended to act as a return for assessment and collection; and, executed by the taxpayer, then it should be considered a tax return under the rationale of *Germantown Trust*.[5]

---

3. § 523. Exceptions to discharge.
   (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
   (1) for a tax ...
   (B) with respect to which a return, if required—
   (I) was not filed; . . . .

4. However, I.R.C. § 6501, statute of limitations on assessment and collection, is not to be confused with the dictates of non-dischargeability under Bankruptcy Code § 523. The fact a return prepared under I.R.C. § 6020(b) does not start the running of the statute of limitations for assessment under I.R.C. § 6501, may not have, in and of itself, a bearing on its status as a filed return under Bankruptcy Code § 523(a)(1)(B).
   I.R.C. § 6501, Limitations on Assessment and Collection

   . . . . .
   (3) Return Executed by Secretary.—Notwithstanding the provisions of paragraph (2) of section 6020(b), the execution of a return by the Secretary pursuant to the authority conferred by such section shall not start the running of the period of limitations on assessment and collection.

5. Debtors yield the obvious to argue the Internal Revenue Service has considered an executed Form 870 with accompanying schedules a return as described in I.R.C. § 6020(a). *See* Rev.Rul. 74–203. This revenue ruling specifically permits the same conclusion to be applied to an executed Form 4549.

   However, caution should be applied when citing Revenue Ruling 74–203 to stand for the proposition a return has been filed. The history of Revenue Ruling 74–203 is that of "filing status," not the status of "filed." Revenue Ruling 74–203 dealt with an election to file joint status and satisfaction of election by other than conventional tax return means. That revenue ruling makes clear the applicable Tax Code section (I.R.C.

All these facts, coupled with the evidence Debtors hired an accountant to assist the Internal Revenue Service, and protect the interests of Debtors, support a finding the Form 4549 was intended to act as a return. In addition, the Form 4549 is curiously designated as income tax designation changes for return Form 1040 at the top right-hand side of the Form 4549 for each of the years at issue. All the data collected in the Form 4549 refer directly to schedules found accompanying a Form 1040. The evidence suggests there is merit in finding the Form 4549 in the instant case is a filed return.

The United States attempts to define what a tax return is by suggesting a tax return must have a sworn statement under the penalties of perjury. If this Court accepts this theory, then Debtors have not executed a tax return because they did not sign their returns under the penalties of perjury. This argument has been addressed in *Eastwood v. Internal Revenue Service*, 164 B.R. 989 (Bankr.E.D.Ark.1994). Rather than decide a sworn document, under penalty of perjury, is a necessary element for a document to be deemed a tax return, this Court is more persuaded perjury sanctions have a purposeful place in assisting the Internal Revenue Service in ensuring compliance. Taxpayers must sign their returns under the penalties of perjury, a requirement that implicitly disqualifies a tentative return, that can be later disowned by the taxpayer, as a mere estimate or guess. *See Lucas v. Pilliod Lumber Co.*, 281 U.S. 245, 50 S.Ct. 297, 74 L.Ed. 829 (1930). There is no doubt the perjury sanction is one of the principal assurances that honest returns will be filed. *See Vaira v. Comm'r*, 52 T.C. 986, 1969 WL 1731 (1969) *aff'd*, 444 F.2d 770, 778 (3rd Cir.1971).

In the instant case, requiring a sworn statement under penalty of perjury is of little moment. Debtors have executed a document, after having exposed all necessary financial data to assist an Internal Revenue Service auditor, which purports to supply all the necessary information to determine their tax liability. The threat and purpose in which the perjury sanction embodies have been eliminated by the sole nature of the agreement. Any examination of the Debtors' tax information in the instant case was concluded with an agreement between the taxpayer and the Internal Revenue Service removing the possibility Debtors' could "disown [it] as a mere estimate or guess." *Lucas*, 281 U.S. 245, 50 S.Ct. 297, 74 L.Ed. 829.

In addition, Debtors, by signing the Form 4549, certainly waived valuable rights. Generally, when the Internal Revenue Service prepares a tax return for a taxpayer, the amount shown as due cannot be assessed until a statutory notice of deficiency has been sent to the taxpayer and the time for filing a petition in the tax court has expired. Treas. Reg. § 301.6020–1(b)(2). In the instant case, the Internal Revenue Service prepared a Form 4549, and Debtors signed the Form, which waived their rights to appeal or contest the changes in tax court and gave express consent to immediate assessment and collection.

At this juncture, it is important to note the acceptance of the Form 4549, and the Debtors' consent to assessment and collection, relieved the Internal Revenue Service of certain statutory duties it would not otherwise be relieved. The income taxes due, as set out in Form 4549, supplanted Debtors' income tax obligations. Debtors waived their chance to receive a statutory notice of deficiency, or dispute the liabilities in tax court. *See* I.R.C. §§ 6212 and 6213; *See In re Barry*, 48 B.R. 600, 602 (Bankr.M.D.Tenn.1985). The necessity of perjury protection does not appear to assist this Court's analysis. The Internal Revenue Service's acceptance of Form 4549 was without prejudice to seek penalties for tax fraud or tax evasion. The absence of a sworn statement under penalties of perjury does not put the Internal Revenue Service in a more precarious position, nor does it enhance taxpayers' positions if valuable statutory rights are waived. It is also to be remembered, Form 4549 is the Internal Revenue Service's form, and they were not

§ 6013), which defines the statute of limitations on electing joint filing status, permits other documents to represent an election to file jointly. Rev.Rul. 74–203 (*citing Germantown Trust Co.*,

309 U.S. 304, 60 S.Ct. 566, 84 L.Ed. 770). This Court is not persuaded Revenue Ruling 74–203 is dispositive on the issue in the instant matter.

concerned enough to put the perjury language therein.

Probably the most persuasive method of analysis of the issue in the instant case is a review of the case law on Bankruptcy Code § 523(a)(1)(B). Courts appear to place credence upon the cooperation in the auditing process, consent to immediate assessment, and the acknowledgment of acceptance by the Internal Revenue Service when determining if a tax return has been filed by other than conventional means. *See Elmore v. United States,* 165 B.R. 35 (Bankr.S.D.Ind. 1994); *Lowrie v. United States,* 162 B.R. 864 (Bankr.D.Nev.1994); *Carapella v. United States,* 84 B.R. 779 (Bankr.M.D.Fla.1988). Cases finding a tax return has not been filed suggest the Debtors were uncooperative, and in fact either contested the proposed changes, or did not supply the Internal Revenue Service with the information necessary to determine tax liability. *See Eastwood v. United States,* 164 B.R. 989 (Bankr.E.D.Ark 1994); *Chapin v. United States,* 148 B.R. 304 (C.D.Ill.1992); *Bergstrom v. United States,* 949 F.2d 341 (10th Cir.1991); *United States v. D'Avanza,* 132 B.R. 462 (M.D.Fla.1991); *Rench v. United States,* 129 B.R. 649 (Bankr. D.Kan.1991); *Chastang v. United States,* 116 B.R. 833 (Bankr.M.D.Fla.1990); *Pruitt v. United States,* 107 B.R. 764 (Bankr.D.Wy. 1989); *Hofmann v. United States,* 76 B.R. 853 (Bankr.S.D.Fla.1987); *Holland v. Comm'r,* 622 F.2d 95, 96 (4th Cir.1980).

Therefore, case law suggests filing requirements may be satisfied for purposes of Bankruptcy Code § 523, if the Internal Revenue Service obtains all the necessary information to compute a taxpayer's liability, and the taxpayer effectively assents to the assessment of such. Assent to assessment and collection must be made affirmatively in order to relieve the Internal Revenue Service from statutory duties such as providing a statutory notice of deficiency. *See* I.R.C. § 6213(d).

A form may be considered a filed return if it supplies the Internal Revenue Service all necessary information to determine a taxpayer's liability. Therefore, it logically stands to reason, a Form 4549 which is based upon figures it derived with a taxpayer's assistance and waiver to assessment, support a conclusion a return has been filed. Therefore, as a matter of law, the Form 4549 in the instant matter satisfies the filing requirements necessary to avoid non-dischargeability under 11 U.S.C. § 523(a)(1)(B)(i).

There being no factual questions remaining, the Debtors' Motion for Summary Judgment should appropriately be granted.[6]

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion for Summary Judgment, be and the same is hereby, granted. The income taxes for 1982, 1983, and 1984, are dischargeable. It is further

ORDERED, ADJUDGED AND DECREED that the United States' Motion for Summary Judgment, be and the same is hereby, denied.

DONE AND ORDERED.

**6.** Because this Court has determined Form 4549 in the instant case is a filed tax return as a matter of law, it shall be unnecessary for this Court to entertain Debtors' argument they relied upon the representations of the Internal Revenue Service auditor to effectuate filing of returns they purportedly prepared. However, it should also be noted as in note 1, *supra* there is little, if any, support for Debtors' legal position on this issue.