**In re Robert J. BOVA and Nancy Lee Bova, Debtors.**

**Robert J. Bova and Nancy Lee Bova, Plaintiffs,**

**v.**

**United States of America, Defendant.**

**Bankruptcy No. 97–8407–8G7.
Adversary No. 97–611.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 30, 1998.

Buddy D. Ford, Tampa, FL, for Plaintiffs.

Philip Doyle, U.S. Department of Justice, Washington, DC, for Defendant.

## ORDER ON MOTION BY UNITED STATES FOR SUMMARY JUDGMENT

PAUL M. GLENN, Bankruptcy Judge.

**THIS CASE** came before the Court to consider the Motion for Summary Judgment filed by the Defendant, the United States of America. The Debtors, Robert J. Bova and Nancy Lee Bova, commenced this adversary proceeding by filing a Complaint to Determine Dischargeability of Debt. In the Complaint, the Debtors allege that certain income taxes owed by Robert Bova for the 1989, 1990, and 1991 tax years, and certain civil penalties owed by Robert Bova for the 1989 and 1990 tax years, are dischargeable; that certain income taxes owed by Nancy Lee Bova for the 1990 and 1991 tax years are dischargeable; and that certain income taxes jointly owed by Robert J. Bova and Nancy Lee Bova for the 1992, 1993, 1994, and 1995 tax years are dischargeable.

The United States conceded that the civil penalties owed by Robert Bova for 1989 and 1990 are dischargeable, that the income taxes owed by Robert Bova for 1989 are dischargeable, and that the income taxes owed by Nancy Lee Bova for 1990 and 1991 are dischargeable.

Robert and Nancy Bova conceded that the income taxes jointly owed by them for 1993, 1994, and 1995 are not dischargeable.

Consequently, the issues remaining for consideration relate to the income taxes owed by Robert Bova for 1990 and 1991, and the income taxes jointly owed by Robert J. Bova and Nancy Lee Bova for 1992. The United States contends that the taxes at issue are nondischargeable, and that there is no genuine issue as to any material fact and that the United States is entitled to a judgment of nondischargeability as a matter of law.

## I. 1990 and 1991 taxes (Robert Bova)

The Debtors allege in their Complaint that Robert J. Bova owed the Internal Revenue Service income taxes in the amount of $67,371.90 for 1990, and income taxes in the amount of $132,070.64 for 1991, as of the date that he and Nancy Bova filed their chapter 7 petition. The United States contends that these taxes are nondischargeable pursuant to the exception to discharge contained in § 523(a)(1)(C) of the Bankruptcy Code. That section provides:

§ 523. **Exceptions to discharge**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

    (1) for a tax or customs duty—

        . . .

    (C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax.

The United States asserts that the tax returns filed by Robert J. Bova for 1990 and 1991 were fraudulent within the meaning of § 523(a)(1)(C), and that the taxes for 1990 and 1991 are therefore nondischargeable. The United States further contends that it is entitled to the entry of a summary judgment of nondischargeability because the doctrine of res judicata precludes the Debtors from asserting that the returns were not fraudulent.

It appears that Robert Bova received funds from a corporation known as Strobhern, Inc., and did not report the funds on his tax returns for 1990 and 1991. The Debtor contends that the funds represented the proceeds of a loan from the corporation, rather than income. A dispute arose, and Robert filed a Petition in the United States Tax Court on March 15, 1995, seeking "a redetermination of the deficiency set forth by the Commissioner of Internal Revenue in his Notice of Deficiency dated December 7, 1994." In the Petition, Robert Bova alleged:

1. The Commissioner erred by adding "unreported income" to the Debtor's income for 1990 and 1991. (¶ 4(a)). The error was due to the improper classification of "loans" from Strobhern, Inc. as "income." (¶ 5).

2. The Commissioner erred by assessing a fraud penalty under § 6663 of the Internal Revenue Code for 1990 and 1991. (¶ 4(f)). Since "all income was reported properly," the "fraud penalty under Section 6663 ... should not be assessed." (p. 3).

The Commissioner of Internal Revenue filed an Answer to the Petition on May 4, 1995. The Commissioner subsequently filed a Motion for Entry of Order that Undenied Allegations in Answer be Deemed Admitted, and Robert Bova filed a Reply to Order on approximately July 23, 1995.

On December 19, 1995, the Tax Court entered a Decision pursuant to the stipulation of Robert Bova and the Internal Revenue Service. The Decision provides that, "[p]ursuant to agreement of the parties in this case:"

1. Deficiencies in income tax were due from Robert Bova for 1990 and 1991.

2. Additions to the tax were due from Robert Bova for 1990 and 1991 pursuant to § 6662(c) of the Internal Revenue Code.

3. Additions to the tax were due from Robert Bova for 1990 and 1991 pursuant to § 6663 of the Internal Revenue Code.

In accordance with the stipulated Decision, the total sum of $26,700 was due from Robert Bova under § 6663 of the Internal Revenue Code. That section provides:

**§ 6663. Imposition of fraud penalty**

**(a) Imposition of penalty.**— If any part of any underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 75 percent of the portion of the underpayment which is attributable to fraud.

Since the stipulated Decision in the Tax Court includes a determination that Robert Bova owes additions to taxes under § 6663, the provision which imposes a penalty if a return was fraudulently filed, the United States contends that the Decision necessarily includes a determination that Robert Bova's returns for 1991 and 1992 were fraudulent.

Based on the record, the United States contends that the filing of a fraudulent return was at issue both in the Tax Court case and in the dischargeability proceeding currently under consideration, that the elements required to prevail are the same in both proceedings, and that the Tax Court entered a final Decision on the merits of the prior case. The United States concludes, therefore, that the doctrine of res judicata applies in this case to preclude Robert Bova from relitigating the determination that his tax returns for 1990 and 1991 were fraudulently filed.

The Debtors filed a Memorandum of Law in Opposition to Motion for Summary

Judgment. In the Memorandum, the Debtors claim that the Tax Court did not make a factual determination that the returns were fraudulently filed, and also that the requirements for imposing a "fraud penalty" under § 6663 are different from the requirements for a finding of fraud under § 523(a)(1)(C) of the Bankruptcy Code. Further, Robert Bova filed an Affidavit in Opposition to Motion for Summary Judgment. With respect to the 1990 and 1991 taxes, Mr. Bova primarily asserts in his affidavit that the funds received from Strobhern, Inc. were the proceeds of a loan, rather than income, and that he intended only to stipulate to the amounts owed to the Internal Revenue Service when he consented to the Tax Court decision, and that he did not intend to consent to a finding of fraud.

■ The Court determines that Mr. Bova is not precluded from litigating the issue of whether his returns for 1990 and 1991 were fraudulent. The doctrine of res judicata does not apply in dischargeability proceedings. *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). The principles of collateral estoppel, however, do apply to dischargeability proceedings. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Collateral estoppel, or issue preclusion, bars relitigation of an issue previously decided in judicial or administrative proceedings. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *In re St. Laurent*, 991 F.2d 672 (11th Cir.1993).

Three elements must be present for issue preclusion to be proper:

(1) the issue at stake must be identical to the one involved in the prior litigation;

(2) the issue must have been actually litigated in the prior litigation; and

(3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier action.

*In re Halpern*, 810 F.2d 1061, 1064 (11th Cir.1987), citing *In re Held*, 734 F.2d 628, 629 (11th Cir.1984).

■ To prevail in its claim that the Debtor's 1990 and 1991 taxes are nondischargeable under § 523(a)(1)(C) of the Bankruptcy Code, the United States must show that the Debtor either made a fraudulent return or willfully attempted to evade a tax liability. *In re Olson*, 170 B.R. 161, 165 (Bankr.N.D.1994). Further, a party seeking to invoke the doctrine of collateral estoppel in an action under § 523(a)(1)(C) has the burden of satisfying each of the elements necessary for issue preclusion to apply. *In re Olson*, 170 B.R. at 166. In this case, therefore, the United States was required to establish a fraudulent return or willful evasion of taxes on the part of Mr. Bova. The Court determines, however, that collateral estoppel does not apply in this case because the issue of whether Mr. Bova made a fraudulent return was not "actually litigated" in the prior Tax Court proceeding, as required to successfully assert the doctrine.

■ The Court agrees with those cases which have addressed this issue and which hold that a decision of the Tax Court which was entered by stipulation or consent of the parties does not necessarily preclude the taxpayer from asserting in a subsequent bankruptcy case that he did not file a fraudulent return, even where the Tax Court decision includes a civil "fraud" penalty under the Internal Revenue Code.

In *In re Graham*, 973 F.2d 1089 (3d Cir.1992), the Grahams had entered into a stipulation in the Tax Court and agreed not to contest income tax deficiencies or additions to tax determined in a notice of deficiency. The judgment against them included an assessment pursuant to the former § 6653(b) of the Internal Revenue Code, which provided for such assessments in cases where an underpayment was fraudulent. (Section 6653 is the predecessor of the current § 6663 quoted above.) In their subsequent chapter 11 case, the Grahams filed a complaint against the IRS

seeking a determination that § 523(a)(1)(C) did not prevent the discharge of their tax liability. The IRS filed a Motion for Summary Judgment and contended that the Grahams' tax liability should be nondischargeable based on the prepetition decision of the Tax Court. The Third Circuit Court of Appeals held that collateral estoppel did not apply to the Tax Court decision:

> [N]o facts pertaining to fraud or its elements are mentioned in the portion of the stipulation included in the record before us. Rather, the stipulation only refers to uncontested income taxes and additions.... Though the stipulation itself establishes the validity of the deficiencies, neither they nor the existence of the underlying fraud are "admitted."
>
> Moreover, the Tax Court's opinion does not set forth any facts concerning the alleged fraud....
>
> ... Accordingly, even though the penalty imposed by the Tax Court was based on the fraud penalty 26 U.S.C.A. § 6653(b) authorizes in cases where fraud is established, the issue of fraud was never litigated or admitted, nor was a specific factual finding concerning it made.

*In re Graham*, 973 F.2d at 1098. In a similar factual situation, the Bankruptcy Court in *In re Goff*, 180 B.R. 193 (Bankr. W.D.Tenn.1995), agreed with the Court's reasoning in *Graham:*

> [T]here are no factual stipulations, admissions or findings regarding the 1984 liability before this Court.... [T]he Tax Court did not expressly find anything other than the amount of "deficiencies in income tax and additions to tax due," with a reference to the statutory provisions. No admissions, factual findings, or intention of the parties concerning the fraud issue or a willful evasion for the 1984 taxes are incorporated into the Tax Court's decision. Moreover, the government has admitted in its answer to the debtor's complaint that the fraud penalties, which are the only

discernable reason from the face of the Tax Court decision for denying the dischargeability of the 1984 tax liability, are dischargeable. The debtors' Tax Court counsel stipulated to entry of the decision but that stipulation is bare of any factual support. Thus, this Court concludes that, as was the situation in the Third Circuit's Graham decision, the issues of fraud or willful evasion were never actually litigated nor admitted as to the 1984 tax liabilities.

*In re Goff*, 180 B.R. at 200–01. The Bankruptcy Court in *In re Olson*, 170 B.R. 161 (Bankr.D.N.D.1994) also agreed with the decision of the Third Circuit Court of Appeals in *Graham.* In *Olson*, the Tax Court had entered a decision "pursuant to the agreement of the parties" as to deficiencies in income taxes and additions to the tax due under § 6653(b). In a dischargeability action in the debtors' bankruptcy case, the United States filed a Motion for Partial Summary Judgment based on the prior consent judgment entered in the Tax Court. The Bankruptcy Court determined that it was required to analyze both the consent judgment and the underlying agreement.

> This inquiry is undertaken in order to ascertain whether the factual issues necessary to a finding of nondischargeability under § 523(a)(1)(C) were actually and necessarily resolved by the Tax Court.

*In re Olson*, 170 B.R. at 166. After a thorough discussion of the nature and purpose of consent judgments, and how they "differ substantially from a fully litigated judgment," the Court concluded:

> Thus, the entry of the civil fraud penalty by the Tax Court under I.R.C. § 6653(b), while disposing of the issue of liability, does not resolve the issues for nondischargeability under § 523(a)(1)(C). The fact that the debtors had stipulated to not contesting a fraction of the assessed civil penalties set forth as "additions" in Tax Court,

cannot result in preclusion of the issue of fraud in bankruptcy court.

*Id.* at 168.

In this case, the Decision of the Tax Court states only: (1) that deficiencies in income tax were due from Mr. Bova for 1990 and 1991 in specific amounts; (2) that no additions to the tax were due from Mr. Bova for 1990 pursuant to § 6651(a)(1) of the Internal Revenue Code; (3) that additions to the tax were due from Mr. Bova for 1990 and 1991 in specific amounts pursuant to § 6662(c) of the Internal Revenue Code; and (4) that additions to the tax were due from Mr. Bova for 1990 and 1991 in specific amounts pursuant to § 6663 of the Internal Revenue Code. The Decision was entered "pursuant to agreement of the parties in this case," and does not contain any other findings or conclusions. No separate stipulation representing any details of the agreement is in the record, and the Court therefore cannot determine the parties' intent regarding the agreement by viewing the underlying stipulation. The Court recognizes that the pleadings filed in the Tax Court prior to the entry of the Decision include statements regarding the allegedly fraudulent understatement of income on Mr. Bova's tax returns for 1990 and 1991. The ordering provisions recited above, however, constitute the entirety of the Decision entered by the Tax Court. There are no factual findings pertaining to fraud and no admissions of the elements required for a finding of fraud in the record. Consequently, the Court concludes that the issues of fraud were never "actually litigated" or admitted in the Tax Court, and the Debtor is therefore not precluded from asserting that his 1990 and 1991 tax liabilities are dischargeable in his chapter 7 case.

The Motion by the United States for Summary Judgment should be denied with respect to the income taxes owed by Mr. Bova for 1990 and 1991.

## II. 1992 taxes (Joint)

The Debtors allege in their Complaint that they jointly owed the Internal Revenue Service income taxes in the amount of $40,176.20 for 1992 as of the date that their chapter 7 petition was filed. The United States contends that these taxes are nondischargeable pursuant to the exception to discharge contained in § 523(a)(1)(B)(ii) of the Bankruptcy Code. That section provides:

**§ 523. Exceptions to discharge**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or customs duty—

. . .

(B) with respect to which a return, if required—

. . .

(ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition.

Pursuant to this section, an individual's federal income tax liability is nondischargeable if the debtor files the return after its due date, and if the return is actually filed within the two-year period immediately prior to the filing of the bankruptcy petition. *In re Wood,* 78 B.R. 316, 320 (Bankr.M.D.Fla.1987).

In this case, it appears undisputed that the Debtors did not file a Form 1040 tax return for 1992. The United States contends that the Debtors' 1992 return was due no later than October 15, 1993, in accordance with an extension obtained from the IRS. The United States further contends that the Debtors signed a Form 4549 relating to their 1992 tax on November 6, 1995, and that this form constitutes their tax return for the year at issue. A copy of the signed Form 4549, entitled "Department of Treasury—Internal Revenue Service Income Tax Examination Changes," is attached to the United States' Motion for Summary Judgment. The

Debtors' Chapter 7 case was filed on May 21, 1997. Since Form 4549 was executed by the Debtors on November 6, 1995, the United States asserts that the return was filed after the due date for the tax year had passed, and within the two-year period immediately prior to the bankruptcy petition, so that the tax for 1992 is nondischargeable pursuant to § 523(a)(1)(B)(ii) of the Bankruptcy Code.

The Debtors deny that the Form 4549 represents their tax return for 1992. Instead, the Debtors contend that a Substitute for Return prepared for the year in question actually constitutes their return for purposes of § 523 of the Bankruptcy Code. The Substitute for Return is reflected on the Certificate of Assessments and Payments attached to the United States' Motion for Summary Judgment. The Certificate relating to 1992 shows that the "date" of the Substitute for Return for that year was December 12, 1994. The Debtors assert that the Substitute for Return was prepared with their cooperation and assent. Mr. Bova stated in an Affidavit in Opposition to Motion for Summary Judgment:

17. My joint tax returns for 1992 and 1993 with my wife Nancy Bova were prepared by myself and the Internal Revenue Service agent. Both myself and my Wife provided all of the information regarding income and expenses which was used to compute and assess our 1992 and 1993 income tax returns.

18. The Internal Revenue Service agent used, with my agreement and cooperation, the information provided by myself and my wife to prepare the Substitute for Return recorded by the Internal Revenue Service for 1992 on December 12, 1994 (on History of transaction date was 1/2/95) and the Substitute for Return recorded by the Internal Revenue Service for 1993 on August 22, 1995.

Nancy Bova executed an Affidavit containing similar statements. The Debtors therefore contend that an issue of fact exists as to whether the Substitute for Return should be treated as the Debtors' tax return for 1992, rather than the Form 4549 as asserted by the United States, and that the United States consequently is not entitled to the entry of a summary judgment based on § 523(a)(1)(B)(ii) of the Bankruptcy Code.

Both parties cite this Court's decision in *In re Parker,* 199 B.R. 792 (Bankr. M.D.Fla.1996) for the proposition that documents other than 1040 forms may be considered tax returns for purposes of § 523, if prepared with the debtor's cooperation. In *Parker,* the issue was whether a substitute for return qualified as a "return" for purposes of determining whether a "return" was filed within the meaning of § 523(a)(1)(B)(i). The Court concluded:

[A] "return" for purposes of Section 523(a)(1)(B)(i) is not limited to the traditional Form 1040 return prepared by the taxpayer, or by the taxpayer's accountant at his request, and mailed to the Internal Revenue Service. Instead, a "return" for purposes of Section 523(a)(1)(B)(i) may also include other forms initiated by the Internal Revenue Service, provided that the debtor cooperated with the Internal Revenue Service in the completion of the form and furnished the information to the Service which was necessary to compute the debtor's tax liability.

*In re Parker,* 199 B.R. at 796. See *In re Berard,* 181 B.R. 653 (Bankr.M.D.Fla. 1995) and *In re Gless,* 181 B.R. 414 (Bankr.D.Neb.1993).

The Court determines that issues of fact exist as to whether the Debtors filed an untimely income tax return for 1992 within two years immediately preceding the filing of their chapter 7 case. Specifically, an issue exists as to whether the Debtors participated in the preparation of the substitute return for 1992, and whether the substitute return may therefore be considered a "return" for purposes of § 523(a)(1)(B)(ii). Further, if the substitute for return is considered a return for dischargeability purposes, an issue exists

438

as to the date on which the return was "filed" within the meaning of the statute. The record as it stands is insufficient to allow the Court to make factual determinations concerning either of these issues, and is also insufficient to allow the Court to determine that the Form 4959 signed by the Debtors constitutes the Debtors' return for 1992. Accordingly, the Motion for Summary Judgment should be denied to the extent that the United States is seeking a judgment in its favor that the Debtors' tax liability for 1992 is nondischargeable under § 523(a)(1)(B)(ii) of the Bankruptcy Code.

Accordingly:

**IT IS ORDERED** that:

1. The Motion for Summary Judgment filed by the United States of America is denied to the extent that it seeks a determination that the income tax liabilities of Robert J. Bova for 1990 and 1991 are nondischargeable pursuant to § 523(a)(1)(c) of the Bankruptcy Code.

2. The Motion for Summary Judgment filed by the United States of America is denied to the extent that it seeks a determination that the joint income tax liability of Robert J. Bova and Nancy Lee Bova for 1992 is nondischargeable pursuant to § 523(a)(1)(B)(ii) of the Bankruptcy Code.

3. The Motion for Summary Judgment filed by the United States of America is granted to the extent that it seeks a determination that the joint income tax liabilities of Robert J. Bova and Nancy Lee Bova for 1993, 1994, and 1995 are nondischargeable pursuant to § 523(a)(1)(A) and § 507(a)(8)(A)(i) of the Bankruptcy Code, and the Debtors' joint tax liabilities for 1993, 1994, and 1995 are determined to be nondischargeable in accordance with those sections. A separate Summary Final Judgment will be entered consistent with this Order.