In re Jerry A. DORMINY, Debtor.

Jerry A. Dorminy, Plaintiff,

v.

United States of America, Department of Treasury, Internal Revenue Service, Defendant.

Bankruptcy No. 94–3081–8GI.
Adversary No. 8:02–AP–273–PMG.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 2, 2003.

B. Gray Gibbs, B. Gray Gibbs, P.A., St. Petersburg, FL, for Debtor/Plaintiff.

Scott M. Grossman, U.S. Department of Justice, Washington, DC, for Defendants.

## ORDER ON MOTION BY UNITED STATES FOR SUMMARY JUDGMENT AS TO DISCHARGEABILITY AND DAMAGES

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Motion for Sum-mary Judgment as to Dischargeability and Damages filed by the Defendant, United States of America.

The Debtor, Jerry Dorminy, commenced this adversary proceeding by filing a Com-plaint for (i) Violation of 11 U.S.C. § 524(a); (ii) Contempt Pursuant to 11 U.S.C. § 105; and (iii) Declaratory Relief Pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure. The Complaint was subsequently amended to include an additional count to determine the dischargeability of a debt.

Generally, the Complaint relates to a secured claim asserted by the Internal Revenue Service based on income taxes due for the 1979, 1980, 1981, and 1982 tax years, and a priority claim asserted by the IRS based on income taxes due for the 1991 and 1993 tax years. The Debtor contends that the taxes have been paid in full pursuant to his confirmed chapter 11 plan.

In response, the IRS contends that the tax claims were nondischargeable in the Debtor's bankruptcy case, and that inter-est has therefore continued to accrue on the liabilities, regardless of the terms of the chapter 11 plan. Consequently, the IRS asserts that a balance remains due and owing on its claims, and that the IRS is entitled to collect the balance from the Debtor.

In the Motion presently under consider-ation, the IRS requests the entry of a partial summary judgment in its favor on two issues. First, the IRS seeks a deter-mination that the Debtor is precluded by the doctrine of res judicata from asserting that his tax returns for 1979, 1980, and 1981 were not fraudulent. Second, the IRS seeks a determination that the Bank-ruptcy Court lacks jurisdiction over the

Debtor's claim for damages, since the Debtor did not exhaust his administrative remedies by filing a claim with the Internal Revenue Service before commencing this action.

## Background

On December 13, 1991, the United States Tax Court entered a Decision in a case styled *Jerry A. Dorminy, Petitioner v. Commissioner of Internal Revenue, Respondent,* Docket No. 21935–90. The Decision provided in part:

Pursuant to the agreement of the parties in the above-entitled case, it is

ORDERED AND DECIDED: That there are deficiencies in income tax due from the petitioner for the taxable years 1979, 1980, 1981 and 1982 in the amounts of $49,314.32, $68,777.15, $206,927.64 and $53,248.53, respectively;

That there are additions to tax due from the petitioner for the taxable years 1979, 1980 and 1981, under the provisions of I.R.C. § 6653(b), in the amounts of $25,495.51, $42,092.10 and $103,463.82, respectively;

That there is an addition to tax due from the petitioner for the taxable year 1981, under the provisions of I.R.C. § 6654, in the amount of $15,689.00.

(Exhibit 1 to Motion by United States for Summary Judgment, Doc. 32).

The Debtor filed a petition under chapter 11 of the Bankruptcy Code on March 30, 1994.

On October 3, 1994, the IRS filed a Proof of Claim in the chapter 11 case. The total amount set forth in the Claim was $1,761,388.71, including a secured claim in the amount of $1,727,515.65, and a priority claim in the amount of $16,317.13. The Proof of Claim was later amended, and the priority claim was increased to the sum of $20,781.13. The claim was based on income taxes for the 1979, 1980, 1981, 1982, 1991, and 1993 tax periods.

On June 13, 1995, the Debtor filed his First Amended Plan of Reorganization. Article III of the First Amended Plan, entitled Payment of Classes, provided in part:

3.2 Class 2 is comprised of the priority tax claim of the Internal Revenue Service in the amount of $16,317.13. Within ten days after the Effective Date of Confirmation, and as set forth in detail below, the Debtor will pay to the Internal Revenue Service the amount of $400,000.00. The Debtor received the $400,000 as a gift from his mother. The $400,000.00 payment shall be first applied to satisfy the Class 2 claim of the Internal Revenue Service, as finally allowed, which claim shall be paid in full.

3.3 Class 3 is comprised of the secured claim of the Internal Revenue Service. The Internal Revenue Service has filed a proof of claim in the amount of $1,727,515.65 asserting a secured claim in this bankruptcy case. . . .

The secured claim of the Internal Revenue Service, as finally allowed, shall be paid by the Debtor as follows: Within ten (10) days after the Effective Date of Confirmation of the First Amended Plan, the Debtor will pay $400,000 to the Internal Revenue Service. After the payment of the Class 2 priority tax claim of the Internal Revenue Service, the balance of the $400,000 shall be applied to the Class 3 secured claim of the Internal Revenue Service. The remainder of the secured claim of the Internal Revenue Service shall be paid over a period of fifteen (15) years with payments in the amount of $132,500 annually, and with a balloon payment at the end of the fifteenth year. . . .

The secured claim of the Internal Revenue Service, as finally allowed, will

accrue interest at the rate of nine percent (9%) beginning at the time of the Effective Date of Confirmation and will continue to accrue interest at that rate until paid in full.

(Doc. 45, First Amended Plan of Reorganization, pp. 3–5). On September 8, 1995, the Debtor filed an Amendment to the First Amended Plan which provided:

> After the payment of the balance of the $400,000.00 to the class 3 secured claim of the Internal Revenue Service as set forth in the Debtor's First Amended Plan, the remainder of the secured claim of the Internal Revenue Service shall be amortized over a period of 30 years with payments in the amount of $132,500.00 annually and with a balloon payment at the end of the seventh year.

(Doc. 61, Amendment to Debtor's First Amended Plan).

The Debtor's First Amended Plan of Reorganization, as Amended, was confirmed on October 3, 1995. (Doc. 66).

The Debtor contends that he made all of the payments to the IRS that were required under the Plan. Specifically, the Debtor asserts that he paid the IRS the final sum of $335,218.00 on December 11, 2001 "in full payment of his tax liability including the secured tax claim of the Internal Revenue Service, together with interest at the rate of nine percent (9%), in compliance with the terms and provisions of the First Amended Plan of Reorganization" as amended.

Although the IRS apparently acknowledges that the Debtor made all of the payments required by the Plan, it contends that additional amounts remain due from the Debtor. "While he may have completely paid what he agreed to pay under the plan, Dorminy still had an outstanding tax liability upon completion of the plan, primarily due to the differential between the interest rate under the plan and the

actual interest that accrued on this liability under the Internal Revenue Code." (Doc. 8, Joint Pretrial Statement, p. 4).

## Discussion

### A. Res judicata; collateral estoppel

The first issue in this case is whether the Decision entered by the Tax Court in 1991 precludes the Debtor from asserting that the tax claim was dischargeable in his bankruptcy case. The Decision provided, among other terms, that certain additions to the underlying tax were due from the Debtor pursuant to § 6653(b) of the Internal Revenue Code. Section 6653 is the predecessor statute to the current § 6663, which provides:

§ 6663. Imposition of fraud penalty

(a) Imposition of penalty.—If any part of any underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 75 percent of the portion of the underpayment which is attributable to fraud.

The IRS contends that the Decision conclusively establishes that the Debtor's income tax liabilities are nondischargeable pursuant to § 523(a)(1)(C) of the Bankruptcy Code. Section 523(a)(1)(C) provides:

11 USC § 523. Exceptions to discharge

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

. . . . .

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax.

Since the Tax Court Decision imposed a civil penalty on the Debtor for an under-

payment "due to fraud," the IRS contends that the Decision shows that the Debtor "made a fraudulent return" or willfully attempted to evade a tax within the meaning of § 523(a)(1)(C).

The Decision of the Tax Court was entered "pursuant to the agreement of the parties."

This case is similar to the case of *In re Graham*, 973 F.2d 1089 (3rd Cir.1992). In *Graham*, the taxpayers had entered a stipulation that resulted in a Tax Court judgment for taxes and fraud penalties. In a subsequent bankruptcy case filed by the taxpayers, they sought a determination that the amounts were dischargeable. The IRS contended that the earlier judgment of the Tax Court precluded discharge of the liabilities on the basis of both claim and issue preclusion. The Third Circuit Court of Appeals, affirming the decisions of the District Court and the Bankruptcy Court, determined that the doctrine of claim preclusion (res judicata) did not apply, and because the issue of fraud was not actually litigated in the Tax Court, the doctrine of issue preclusion (collateral estoppel) did not apply.

The Court previously addressed the application of claim and issue preclusion in this context in *In re Bova*, 236 B.R. 431 (Bankr.M.D.Fla.1998). In *Bova*, as in the case under consideration, the Tax Court had entered an agreed Decision which included a provision that certain additions to the tax were due from the debtor pursuant to § 6663 of the Internal Revenue Code. The IRS contended in that case, therefore, that the Decision necessarily included a determination that the debtor's returns were fraudulent, and that the debtor was consequently precluded from relitigating the determination.

In *Bova*, the Court began its analysis by acknowledging that the doctrine of res judicata (or claim preclusion) did not apply

in this context, and then considered the three elements that must be present for collateral estoppel to apply: (1) the issue at stake must be identical to the issue in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action. *In re Bova*, 236 B.R. at 434(quoting *In re Halpern*, 810 F.2d 1061, 1064 (11th Cir.1987)).

In *Bova*, the Court concluded that "collateral estoppel does not apply in this case because the issue of whether Mr. Bova [the debtor] made a fraudulent return was not 'actually litigated' in the prior Tax Court proceeding." *In re Bova*, 236 B.R. at 434.

> The Court agrees with those cases which have addressed this issue and which hold that a decision of the Tax Court which was entered by stipulation or consent of the parties does not necessarily preclude the taxpayer from asserting in a subsequent bankruptcy case that he did not file a fraudulent return, even where the Tax Court decision includes a civil "fraud" penalty under the Internal Revenue Code.

*Id.* at 434.

The Court then discussed several previous opinions entered in *In re Graham*, 973 F.2d 1089 (3d Cir.1992), *In re Goff*, 180 B.R. 193 (Bankr.W.D.Tenn.1995), and *In re Olson*, 170 B.R. 161 (Bankr.D.N.D. 1994). In each of the previous opinions, the Courts found that the stipulated Tax Court Decisions established only the amount of the taxes and the validity of the "additions" to the taxes. The Decisions did not, however, include any factual stipulations or admissions relating to the alleged fraud or the specific elements of

fraud. As in the prior opinions, the Court in *Bova* found:

> The [Tax Court] Decision was entered "pursuant to agreement of the parties in this case," and does not contain any other findings or conclusions. No separate stipulation representing any details of the agreement is in the record, and the Court therefore cannot determine the parties' intent regarding the agreement by viewing the underlying stipulation.... *There are no factual findings pertaining to fraud and no admissions of the elements required for a finding of fraud in the record.*

*Id.* at 436 (Emphasis supplied). The Court concluded, therefore, that the issue of fraud was never "actually litigated" or admitted in the Tax Court, as required by the doctrine of collateral estoppel, and that the debtor was therefore not precluded from asserting that his tax liabilities were dischargeable in his bankruptcy case. *Id.*

■ The Court's decision in *Bova* is consistent with the general rule that a settlement is not typically afforded collateral estoppel effect unless it is clear that the parties intended the settlement to have such a preclusive effect. This general rule was recently confirmed and applied in *In re Swilley*, 295 B.R. 839 (Bankr.D.S.C.), which quoted *Arizona v. California*, 530 U.S. 392, 414, 120 S.Ct. 2304, 147 L.Ed.2d 374 (2000)("[S]ettlements ordinarily occasion no issue preclusion (sometimes called collateral estoppel), unless it is clear ... that the parties intended their agreement to have such an effect."), and *In re Halpern*, 810 F.2d 1061 (11th Cir.1987)("[T]he central inquiry in determining the preclusive effect of a consent judgment is the intention of the parties as manifested in the judgment or other evidence.").

■ The Court's decision in *Bova* is also consistent with a corollary to the general rule, which provides that the parties' in-

tent may be established by determining whether their stipulated judgment "includes sufficient facts to support a finding that a debt is excepted from discharge." *In re Swilley*, 295 B.R. at 847(citing *Levinson v. United States*, 969 F.2d 260, 264 (7th Cir.1992)). In other words, a debtor should not be precluded from denying his allegedly fraudulent conduct in a subsequent bankruptcy proceeding, unless the judgment reflects that he stipulated to the underlying facts that establish the nondischargeability of the debt under § 523(a) of the Bankruptcy Code. *In re Detrano*, 266 B.R. 282, 291–92 (E.D.N.Y.2001). See also *In re Simone*, 252 B.R. 302, 307 (Bankr. E.D.Pa.2000)("*[W]hen factual findings are incorporated into consent decree, they* satisfy the 'actually litigated' element of issue preclusion where those facts are necessary to a judgment.")(Emphasis supplied).

The Court has considered the principles underlying the doctrines of res judicata and collateral estoppel, as well as the stipulated Decision entered by the Tax Court in this case, and determines that the Debtor in this case is not precluded from asserting that his tax liabilities were dischargeable in his bankruptcy case. The stipulated Tax Court Decision currently under consideration does not contain any factual findings pertaining to fraud, nor does it contain any admissions of the elements required for a finding of fraud. On the contrary, the Decision states only that certain income tax liabilities were due for the specified tax years, and that certain "additions to tax" were due pursuant to § 6653 of the Internal Revenue Code.

The Court cannot determine from the record that the parties intended for the Decision to have any preclusive effect in a subsequent bankruptcy proceeding.

Under these circumstances, the Court finds that the stipulated Tax Court Deci-

sion is not entitled to preclusive effect, and the IRS's Motion for Summary Judgment should be denied with respect to this issue.

### B. "Jurisdiction"

■ The IRS next asserts that this Court lacks jurisdiction over the Debtor's claim for damages, because the Debtor did not first exhaust his administrative remedies by filing a claim with the Internal Revenue Service. The IRS cites § 7433(d)(1) of the Internal Revenue Code to support its proposition in this regard.

Section 7433 of the Internal Revenue Code provides in part:

§ **7433. Civil damages for certain un-authorized collection actions**

(a) In general.—If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

(b) Damages.—In any action brought under subsection (a) *or petition filed under subsection (e),* upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the lesser of $1,000,000 ($100,000, in the case of negligence) or the sum of—

(1) actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional or negligent actions of the officer or employee, and

(2) the costs of the action.

. . .

(d) Limitations.—

(1) Requirement that administrative remedies be exhausted.—A judgment for damages shall not be awarded *under subsection (b)* unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.

. . .

(e) Actions for violations of certain bankruptcy procedures.—

(1) In general.—If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service willfully violates any provision of section 362 (relating to automatic stay) *or 524 (relating to effect of discharge)* of title 11, United States Code (or any successor provision), or any regulation promulgated under such provision, *such taxpayer may petition the bankruptcy court to recover damages against the United States.*

(2) Remedy to be exclusive.—

(A) In general.—Except as provided in subparagraph (B), notwithstanding section 105 of such title 11, such petition shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. 7433(e) (Emphasis supplied). The IRS apparently contends that the Debtor's Complaint constitutes an action for violation of § 524 that may be filed in the Bankruptcy Court pursuant to subsection (e) of § 7433. The IRS further contends, however, that actions brought under subsection (e) of § 7433 are expressly governed by subsection (b) of that section regarding damages, which in turn is subject to subsection (d)(1) of the section. Subsection (d)(1), as set forth above, provides that damages shall not be awarded

under subsection (b) unless the debtor/plaintiff has exhausted the administrative remedies that are available within the Internal Revenue Service.

In response, the Debtor asserts that his action actually arises under § 7432 of the Internal Revenue Code, rather than § 7433 of the Code. (Doc. 38). Section 7432 provides in part:

> § 7432. Civil damages for failure to release lien
>
> (a) In general.—If any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

Subsection (d)(1) of § 7432 contains language similar to that found in § 7433(d)(1), requiring the exhaustion of administrative remedies as a condition to an award of damages.

In connection with the requirements of the Internal Revenue Code, therefore, the Debtor asserts:

> The Plaintiff filed an administrative request as provided for in 26 U.S.C. § 7432 requesting a release of the lien encumbering his property. This was requested at the time his bankruptcy was completed and the amount of taxes, penalties and interest requested by the Internal Revenue Service in their proof of claim and provided for under the plan was paid in full. When the Internal Revenue Service failed to release the lien the Plaintiff then filed his complaint in the bankruptcy court. The Plaintiff has followed the procedures called for under 26 U.S.C. § 7432.

(Doc. 38, Memorandum in Support of Plaintiff's Response to United States' Motion for Summary Judgment, p. 3).

Based on the record in this case, the Court finds that the IRS's Motion for Summary Judgment should be denied. It is clear that a Bankruptcy Court may grant summary judgment only where there is no genuine issue of material fact. Fed.R.Civ.P. 56(c); *In re Optical Technologies, Inc.,* 246 F.3d 1332, 1334 (11th Cir. 2001). The Court must view the entire record "and make all reasonable inferences in favor of the party opposing summary judgment." *In re Optical Technologies, Inc.,* 246 F.3d at 1334.

In this case, the Debtor made the following allegations in his Complaint:

> 1. "Notwithstanding the imposition of the permanent injunction provisions of 11 U.S.C. Section 524(a), and the payment in full of its allowed priority and secured tax claims, the Internal Revenue Service has refused to release liens on the Debtor's property, has demanded additional interest outside of the Debtor's First Amended Plan ... and has issued Notices of Intent to Levy to the Debtor." (¶ 15).
>
> 2. "By failing to release its liens on the Debtor's property after full payment of its priority and secured tax claims and issuing Notice of Intents to Levy, the Internal Revenue Service willfully and intentionally has violated the permanent injunction provisions of 11 U.S.C. § 524(a) ...." (¶ 16).
>
> 3. "Under 11 U.S.C. § 524(a), Debtor is entitled to recover actual damages, including costs and attorneys fees incurred due to the willful conduct of the Internal Revenue Service." (¶ 18).

In the Debtor's prayer for relief, he requests an order directing the IRS to release its liens on the Debtor's property, and a judgment against the IRS for damages, including fees and costs under 11 U.S.C. § 524(a).

On its face, the Complaint is based only on the IRS's alleged violation of § 524. The Debtor does not refer in the Complaint to either § 7432 or § 7433 of the Internal Revenue Code, and does not expressly assert a claim under either section of the Internal Revenue Code. Further, it is not clear from the dual relief requested in the Complaint (an order directing the IRS to release its lien, and an award of monetary damages) whether the Debtor intended to proceed under either § 7432 or § 7433. Finally, although no evidentiary support appears in the record, the Debtor contends that he exhausted his administrative remedies before filing this action in the Bankruptcy Court, in compliance with § 7432 of the Internal Revenue Code. (Doc. 38).

Under these circumstances, the Court cannot determine whether either § 7432 or § 7433, or both sections, of the Internal Revenue Code are applicable in this proceeding. Further, if either or both of the sections are applicable, the Court cannot determine from the record whether the Debtor has complied with the limitations contained in the statutes. Consequently, the Court finds that genuine issues of material fact exist in this case. The IRS's Motion for Summary Judgment should therefore be denied.

### Conclusion

The IRS's Motion for Summary Judgment should be denied.

First, the Debtor is not precluded from asserting that his tax liabilities were dischargeable in his bankruptcy case. The stipulated Tax Court Decision does not contain any factual findings pertaining to fraud, nor does it contain any admissions of the elements required for a finding of fraud, so that the Court cannot find that the parties intended the Decision to be afforded collateral estoppel effect in a subsequent action.

Second, genuine issues of material fact are present in this case regarding whether either § 7432 or § 7433 of the Internal Revenue Code apply in this case and, if the sections are applicable, whether the conditions set forth in the statutes have been satisfied. Consequently, the entry of a summary judgment is inappropriate based on the pleadings and evidence in the record.

Accordingly:

**IT IS ORDERED** that the Motion for Summary Judgment as to Dischargeability and Damages filed by the Defendant, the United States of America, is denied.